**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**versus**                                                          **NO.  01-059**

**TERRENCE CARTER**                              **SECTION "C"**

<u>**ORDER AND REASONS**</u>

Before this Court is Terrance Carter's ("Defendant") Post-Judgment Motion to Clarify Paragraphs 31 and 40 of the Presentence Investigation Report, in which Mr. Carter argues that two paragraphs of the Presentence Investigation Report ("PSIR") contain inaccurate or unclear information.

**I. Background**

On June 29, 2001, Mr. Carter pled guilty to conspiracy to possess with the intent to distribute fifty grams or more of cocaine base and cocaine hydrochloride. The Court conditionally accepted Mr. Carter's guilty plea in order for him to review the PreSentence Investigation Report and the guideline calculations. (Rec. Doc. 72 at 2.) The PSIR assessed Mr. Carter's total offense level at 33[1]

---

[1]Mr. Carter's base offense level was calculated at 32, however, he received a two point adjustment due to the presence of three firearms along with the drugs seized from his residence and a two point adjustment for his leadership role, thus raising his total offense level to 36. However, (continued...)

with a range of criminal history category of I, resulting in a guideline range of 135-168 months. *Id.* Mr. Carter's defense counsel objected to both two point adjustments for possession of a weapon and leadership role. *Id.* At sentencing, the Court overruled both defense objections and sentenced him to 135 months imprisonment. (Rec. Doc. 72 at 3.)

On September 11, 2002, Mr. Carter filed a (1) Memorandum in Support of Motion to correct presentence investigation report;[2] (2) Memorandum in support of Ex Post Facto Claims; and (3) Memorandum in support of claim for ineffective counsel. (Rec. Doc. 66.) This Court construed the Motion as a petition under 28 U.S.C. § 2255 and requested Mr. Carter to refile the Motion. On January 30, 2003, Mr. Carter filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255, arguing that his plea was not voluntary and intelligent and that he received ineffective assistance of counsel prior to entering his plea of guilty. (Rec. Doc. 68.) This Court denied his Motion on June 11, 2003. (Rec. Doc. 72.) Mr. Carter filed a motion for reconsideration on July 2, 2003, (Rec. Doc. 74) which was ultimately denied (Rec. Docs. 77, 81, 82).

On December 27, 2005, Mr. Carter filed the instant motion. He requests the Court to clarify two paragraphs in his presentence investigation report so that he may be placed in a minimum security camp by the Bureau of Prisons. Specifically, Mr. Carter requests this Court to (1) characterize the possession of three guns that were seized along with narcotics and U.S. currency from his residence, as reported in paragraph 31, as "non-violent"; and (2) remove any reference to an attempted first degree murder charge in paragraph 40.

---

[1](...continued)
Carter received a three point reduction for acceptance of responsibility.

[2] This Motion did not address the claims raised here.

## II. Analysis

Rule 32(f) of the Federal Rules of Criminal Procedure provides that "the parties must state in writing any objections" to the presentence report within 14 days after its receipt. The Fifth Circuit has held that the language of Rule 32 "offers no basis for empowering the sentencing court to hear postsentence challenges" to the presentence investigation report. *United States v. Engs*, 884 F.2d 894, 896 (5th Cir. 1989). Accordingly, this Court has no jurisdiction over Mr. Carter's claim under Rule 32.

Further, this motion would be precluded from review as a 28 U.S.C. § 2255,[3] because courts "have the power to correct a Rule 32 violations on collateral attack if the § 2255 Movant can demonstrate that the error could not have been brought to the court's attention earlier." *United States v. Bartholomew*, 974 F.2d 39, 43 (5th Cir. 1992). Mr. Carter provides no reason why the error could not have been brought to the Court's attention earlier, as Mr. Carter and his attorney had ample opportunity to review the PSIR for accuracy. Further, his counsel made two objections to the report prior to sentencing, one of which involved a two point enhancement Mr. Carter received under paragraph 31. Thus, this Court could not review this claim as a second § 2255 motion.

"Once sentence is imposed, the district court's jurisdiction over the defendant becomes very limited. Execution of the sentence lies with the Bureau of Prisons and the Parole Commission."

---

[3] In order to succeed on a 28 U.S.C. § 2255 petitioner, Mr. Carter would also have to overcome the bar against successive petitions by establishing that his motion contained either newly discovered evidence or a new rule of constitutional law. 28 U.S.C.A. § 2255 (2006); 28 U.S.C.A. § 2244 (2006). Mr. Carter cannot do either, as his motion does not rest on newly discovered evidence nor on a new rule of constitutional law.

*Engs*, 884 F.2d at 896. Therefore, Mr. Carter must exhaust his relief with the Bureau of Prisons.[4]

**III. Conclusion**

For the foregoing reasons, IT IS ORDERED that Terrance Carter's Post-Judgment Motion to Clarify Paragraphs 31 and 40 of the Presentence Investigation Report is DENIED.

New Orleans, Louisiana, this 16th day of February, 2006.

Helen G. Berrigan
United States District Judge

---

[4] According to the government, Mr. Carter has not yet exhausted an administrative procedure provided by the Bureau of Prisons to address issues surrounding the execution of a prisoner's sentence. (Rec. Doc. 85 at 4.)